**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Wylie Lucas John THURMAN,
Defendant–Appellant.**

No. 12–30240.

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2013.*

Filed March 22, 2013.

Matthew F. Duggan, Assistant U.S., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Matthew Campbell, Assistant Federal Public Defender, Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Wylie Lucas John Thurman appeals from the district court's judgment and challenges the 20–year supervised release term imposed following his guilty-plea conviction for abusive sexual contact, in violation of 18 U.S.C. §§ 1153(a) and 2243(a).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Thurman contends that the district court erred by (i) failing to calculate and remain cognizant of the advisory Guidelines range for the supervised release term, (ii) failing to consider the 18 U.S.C. § 3553(a) sentencing factors other than specific deterrence, and (iii) failing to explain adequately the 20–year supervised release term. We review for plain error, *see United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 (9th Cir.2010), and find none. The record reflects that the court was aware of the Guidelines range, considered the section 3553(a) sentencing factors, and adequately explained the sentence.

Thurman next contends that the supervised release term is substantively unreasonable. In light of the totality of the circumstances, including Thurman's history, the district court did not court abuse its discretion in imposing the 20–year supervised release term. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.